MURDOCK, Judge,
concurring specially.
The appellants are adoptive parents. More importantly, however, they are parents.
In Lehr v. Robertson, 463 U.S. 248, 261, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983), the Supreme Court recognized that “the importance of the familial relationship, to the individuals involved and to the society, stems from the emotional attachments that derive from the intimacy of daily association, and from the role it plays ‘in promoting] a way of life’ through the instruction of children as well as from the fact of blood relationship.” See also Michael H. v. Gerald D., 491 U.S. 110, 123-24, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989) (referring to “sanctity” traditionally accorded to “the relationships that develop within the unitary family”); Stanley v. Illinois, 405 U.S. 645, 651-52, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). In distinguishing between the due process protection afforded to foster parents and natural parents, the Supreme *185 Court in Smith v. Organization of Foster Families, 431 U.S. 816, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977), noted:
“No one would seriously dispute that a deeply loving and interdependent relationship between an adult and a child in his or her care may exist even in the absence of a blood relationship.... Adoption, for example, is recognized [under New York law] as the legal equivalent of biological parenthood.”
431 U.S. at 844 and n. 51, 97 S.Ct. 2094. As all the judges of this court today agree, the same is true in Alabama. I therefore concur in the main opinion.